Bird, Demandante y Apelante, *v.* Nogueras et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Humacao en pleito sobre tercería de bienes muebles.

No. 1559.—Resuelto en abril 24, 1917.

Tercería de Dominio—Prueba Contradictoria—Apreciación de las Pruebas—Pasión, Prejuicio, Parcialidad—Error Manifiesto.—Cuando en demanda de tercería de dominio existe contradicción entre la evidencia aportada por las partes, y la corte, que es la llamada a dirimir el conflicto, lo resuelve en contra del demandante, sin que se demuestre que haya procedido en la apreciación de las pruebas con pasión, prejuicio, parcialidad o manifiesto

error, únicos casos en que el Tribunal Supremo se apartaría de la aprecia-
ción hecha por la corte que originariamente conoció del caso, la sentencia
apelada debe ser confirmada.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Texidor y Martínez Álvarez.*

Abogados del apelado Juan Nogueras: *Sres. José y Manuel Tous Soto.*

El otro apelado no compareció.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

En pleito seguido ante la Corte de Distrito de Humacao por Juan Nogueras Pedraza contra Juan Canell en cobro de dinero, por virtud de orden de dicha corte de 20 de octubre de 1914, para asegurar la efectividad de la sentencia, fué embargado como de la propiedad de Canell un automóvil "Mercedes," número de la licencia 772, y con tal motivo Francisco Bird Quiñones, previa la fianza que ordena la ley sobre la materia de 14 de marzo de 1907, enmendada en 12 de marzo de 1908, radicó ante aquella corte en 28 de noviembre de 1914 demanda de tercería de dominio contra Nogueras y Canell en reclamación de la propiedad del automóvil, alegando ser suyo antes y en la fecha del embargo, pues si bien al practicarse éste se encontraba el carro en poder de Canell, no lo estaba en concepto de dueño sino de simple poseedor.

A la demanda del tercerista se opuso el demandado Nogueras alegando que el automóvil embargado es de la propiedad del co-demandado Juan Canell, a quien en época muy anterior a la del embargo lo había vendido el tercerista Francisco Bird Quiñones por precio de $700, $300 pagados de contado y $400 a plazos sin fecha determinada de pago, pues éste dependía del producto del trabajo de Canell, habiendo conservado Bird Quiñones el automóvil en su poder y a su nombre la licencia del mismo para operar en Puerto Rico, en garantía del pago del precio aplazado. Alega además Nogueras que su reclamación a Canell era por la suma de

$789.73, intereses legales al ½ por ciento mensualmente a contar desde el día 23 de mayo de 1911, costas, desembolsos. y honorarios de abogado, y que en ese sentido se había registrado una sentencia contra Juan Canell.

Celebrado el juicio la corte dictó sentencia en 21 de junio. de 1916 declarando sin lugar la demanda de tercería, ordenando que subsista el embargo trabado sobre el automóvil' por ser éste de la propiedad de Juan Canell, y condenando a Francisco Bird Quiñones y a su fiadores a pagar a Nogueras, demandante en el pleito principal, la cantidad de $789.63.

Contra esa sentencia interpuso Bird Quiñones recurso de apelación para ante esta Corte Suprema y lo funda en que la Corte de Distrito de Humacao cometió manifiesto error en la apreciación de las pruebas.

La Corte de Distrito de Humacao, después de establecer en su opinión que al tiempo de practicarse el embargo la licencia del automóvil aparecía a nombre del tercerista, pero que ya éste lo había vendido a Juan Canell por precio de $700, $300 pagados de contado y el resto a pagar a plazos, sirviéndose Canell del vehículo, se expresa en los siguientes. términos:

"Es cierto que la prueba ha sido contradictoria, pues si bien el tercerista Bird Quiñones y sus testigos han tratado de demostrar que la operación realizada entre dicho tercerista y Juan Canell fué simplemente la de un contrato de arrendamiento, la corte ha considerado preponderante la evidencia aportada por la representación de Juan Nogueras Pedraza, tendente a establecer el hecho fundamental de la venta del automóvil que Francisco Bird Quiñones hiciera a Juan Canell."

Existe en efecto contradicción entre la evidencia del demandante y la del demandado Nogueras; y la corte, que era la llamada a dirimir el conflicto, lo ha resuelto en contra del demandante, sin que se nos haya demostrado que haya procedido en la apreciación de las pruebas con pasión, prejuicio, parcialidad o manifiesto error, únicos casos en que nos apartaríamos de la apreciación de las pruebas hecha por la

corte que originariamente ha conocido del caso, según jurisprudencia repetida de esta Corte Suprema.

Al demandante Francisco Bird Quiñones, que reclama la propiedad del automóvil, incumbía la prueba de su acción, según el artículo 108 de la Ley de Evidencia, y no siendo satisfactoria la evidencia aportada sobre el particular en relación con la del demandado, la demanda no puede prosperar.

Por las razones expuestas es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.